1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STEPHEN GARCIA,                          1:10-cv-00485-DLB (HC)

                Petitioner,          ORDER DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS, DIRECTING CLERK
OF COURT TO TERMINATE ACTION, AND
   v.                                   DECLINING TO ISSUE CERTIFICATE OF
APPEALABILITY
FRESNO POLICE DEPARTMENT,
[Doc. 1]
              Respondent.
_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the
jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).  (Court Doc. 3.)

      Petitioner filed the instant petition on March 18, 2010.  Petitioner claims that he was
falsely arrested and convicted of assault, resisting arrest, and violent threats on December 12,
2008.

## DISCUSSION

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to
Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state
remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as
to that ground."

B.     Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

1   Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States

2   Supreme Court reiterated the rule as follows:

3            In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
     of state remedies requires that petitioners "fairly presen[t]" federal claims to the
4    state courts in order to give the State the "'opportunity to pass upon and correct
     alleged violations of the prisoners' federal rights" (some internal quotation marks
5    omitted). If state courts are to be given the opportunity to correct alleged violations
     of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
6    are asserting claims under the United States Constitution. If a habeas petitioner
     wishes to claim that an evidentiary ruling at a state court trial denied him the due
7    process of law guaranteed by the Fourteenth Amendment, he must say so, not only
     in federal court, but in state court.

8

9   Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

10           Our rule is that a state prisoner has not "fairly presented" (and thus
     exhausted) his federal claims in state court *unless he specifically indicated to*
11   *that court that those claims were based on federal law*. See Shumway v. Payne,
     223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
12   Duncan, this court has held that the *petitioner must make the federal basis of the*
     *claim explicit either by citing federal law or the decisions of federal courts, even*
13   *if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
     (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
14   underlying claim would be decided under state law on the same considerations
     that would control resolution of the claim on federal grounds. Hiivala v. Wood,
15   195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
     (9th Cir. 1996); . . . .
16           In Johnson, we explained that the petitioner must alert the state court to
     the fact that the relevant claim is a federal one without regard to how similar the
17   state and federal standards for reviewing the claim may be or how obvious the
     violation of federal law is.

18

19  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

20           On the form petition, Petitioner indicates that he has not sought review in the state courts.

21  (Petition, at 5.) The Court cannot consider a petition that contains completely unexhausted

22  claims. Rose v. Lundy, 455 U.S. 509, 521-522 (1982). Therefore, the instant petition must be

23  dismissed without prejudice for lack of exhaustion.

24           Furthermore, the Court declines to issue a certificate of appealability. a state prisoner

25  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

26  his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537

27  U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

28

1
2

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

3
4

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

5
6

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
  (B) the final order in a proceeding under section 2255.

7
8

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

9

10    Accordingly, final orders issued by a federal district court in habeas corpus proceedings

11   are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a

12   petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a

13   certificate of appealability when a petitioner makes a substantial showing of the denial of a

14   constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must

15   establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

16   should have been resolved in a different manner or that the issues presented were 'adequate to

17   deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)

18   (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

19    In the present case, the Court finds that Petitioner has not made the required substantial

20   showing of the denial of a constitutional right to justify the issuance of a certificate of

21   appealability.   Reasonable jurists would not find the Court's determination that Petitioner is not

22   entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

23   proceed further.  Accordingly, the Court DECLINES to issue a certificate of appealability.

24                                                    ORDER

25    Based on the foregoing, it is HEREBY ORDERED that:

26    1.    The instant petition for writ of habeas corpus is DISMISSED without prejudice

27          for lack of exhaustion;

28

                                                        4

1      2.      The Clerk of Court is directed to terminate this action; and,

2      3.      The Court declines to issue a Certificate of Appealability.

3

4    IT IS SO ORDERED.

5      **Dated:**    **April 8, 2010**            _____/s/ **Dennis L. Beck**_____
                                                    UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28